UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RAYNEIKA HUNTER, *et al.*, | ) |
|     *Plaintiffs*, | ) Case No. 1:24-cv-353 |
| v. | ) Judge Travis R. McDonough |
| | ) Magistrate Judge Michael J. Dumitru |
| ALAN GOLD'S DISCOTHEQUE, *et al.*, | ) |
|     *Defendants*. | ) |

**ORDER**

Before the Court are Defendant City of Chattanooga's[1] (the "City") and Alan Gold's Discotheque's ("AGD") motions to dismiss (Docs. 35, 37). For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** the City's motion (Doc. 35). AGD's motion (Doc. 37) will be **DENIED AS MOOT**.

**I.    BACKGROUND**

Plaintiffs Rayneika Hunter and Jon-Isaac Malone filed this action against Defendants in the Circuit Court of Hamilton County, Tennessee, on October 8, 2024. (*See* Doc. 1-2.) The City removed the suit to this Court on November 5, 2024. (*See* Doc. 1.) Since that time, Defendants have filed two motions for a more definite statement[2] (*see* Docs. 7, 12, 25), and Plaintiffs have filed seven amended complaints.[3] (*See* Docs. 18–21, 23, 29, 32.) When granting Defendants'

---

[1] The City was improperly named as the Chattanooga Police Department. (*See* Doc. 35.)

[2] Defendants each filed a separate motion in the first instance (*see* Docs. 7, 12) and a joint motion in the second (*see* Doc. 25).

[3] The Court treats Plaintiff's seventh amended complaint as the operative pleading and construes Defendants' motions seeking an extension of time to respond to the complaint (Docs. 29, 30) as consent to Plaintiffs' intent to amend their pleading for the seventh time, as "a party may amend

second motion for a more definite statement, Magistrate Judge Michael J. Dumitru ordered Plaintiffs to file a complaint that must include:

> [A] section titled "Factual Allegations" that includes separately numbered paragraphs containing "simple, concise, and direct factual allegations" supporting Plaintiffs' claims; and [] a section titled "Causes of Action" that provides, in separately numbered paragraphs, all of Plaintiffs' causes of action (e.g., violations of the United States Code, the Tennessee Code, and/or common law), the specific Defendant(s) against whom Plaintiffs assert such causes of action, and the amount of damages Plaintiffs seek under such causes of action.

(Doc. 27, at 3.) In Plaintiffs' seventh amended complaint, they include a "Factual Allegations" section and two "Causes of Action" sections in accordance with Judge Dumitru's order. (*See* Doc. 32, at 3–8.) However, Plaintiffs' complaint remains unorganized, and the content of each section does not include what Magistrate Judge Dumitru ordered. Plaintiffs assert various causes of action throughout their complaint (including the "Factual Allegations" section), and the vast majority have no connection to their factual allegations. (*See* Doc. 32.) The following account of Plaintiffs' complaint represents the Court's best efforts to reasonably construe Plaintiffs' factual allegations and causes of action.

In Plaintiffs' seventh amended complaint, they allege that AGD's manager, Denise Williford, allowed Plaintiffs to enter AGD's building in "the late hours of October 7, 2023." (Doc. 32, at 2.) They allege that "[a]fter spending 2-3 hours inside Alan Gold's establishment, Ms. Hunter received a phone call from Mr. Malone stating his re-entry and retrieving his debit card was not possible as the manager, Ms. Williford, claims that Mr. Malone is trespassed from the property." (*Id.*) Plaintiffs allege that Hunter proceeded outside to speak with Malone. (*Id.*) Hunter and the rest of Plaintiffs' party allegedly discussed the situation with two members of

---

its pleading only with the opposing party's written consent or the court's leave" if it has already amended once as a matter of course. *See* Fed. R. Civ. P. 15.

AGD's security "while also engaging in friendly banter." (*Id.*) Plaintiffs allege that Malone asserted that he was not trespassing on Alan Gold's property and that Williford was "making trespass claims because she simply does not like him." (*Id.*) They then allege that Malone purchased food inside and that Hunter asked one of the security personnel to retrieve Malone's food for him. (*Id.*)

Plaintiffs also allege that while they were waiting for Malone's food, Williford confronted Malone. (*Id.*) Plaintiffs allege that Hunter attempted to verbally deescalate the situation and that Williford subsequently assaulted Hunter. (*Id.*) They also allege that Williford threw Hunter's phone "more than 10 feet away" and damaged it. (*Id.*) Plaintiffs allege that after seeing this, Malone assaulted Williford. (*Id.*) They allege that they subsequently called 911 and that Williford called "a [Chattanooga Police Department] officer directly on their phone to make a racially motivated report against Plaintiffs (and party)." (*Id.*)

Plaintiffs then allege that after the police arrived, Hunter and three witnesses offered statements describing Williford's aggression. (*Id.* at 3.) Plaintiffs allege that none of the Chattanooga Police Department ("CPD") officers "attempted to detain" Williford despite the statements describing her aggression. (*Id.*) Plaintiffs allege that the CPD officers present then arrested Hunter for "allegations of assault without proof or verification from any witnesses on scene." (*Id.*) Plaintiffs also allege that the arresting officers did not read Hunter her Miranda Rights. (*Id.*)

Plaintiffs bring several state-law claims against AGD. (*See id.* at 6–7.) They bring three federal claims against the City.[4] (*See id.* at 8.) Plaintiffs' federal claims against the City include

---

[4] Plaintiffs also allege that the City violated their constitutional rights. (*See* Doc. 32, at 5–6.) However, Plaintiffs failed to include these claims in their "Federal Causes of Actions" section of the complaint as directed by Magistrate Judge Dumitru. (*See id.* at 7–8; Doc. 27, at 3.) Rather,

(1) "Intentional Misrepresentation, a violation of [18 U.S.C. § 1001]," (2) "Abuse of Process, a violation of 22 U.S.C[.] § 7102," and (3) "Intentional False Imprisonment/Arrest, a violation of 42 U.S.C. § 1983 and 25 C.F.R[.] § 11.404." (*Id.*)

In its motion to the dismiss, the City argues that (1) Plaintiffs' complaint fails to adequately plead a basis for *Monell* liability (*see* Doc. 36, at 8–13), (2) Plaintiffs have no private cause of action under the federal criminal statutes they cite (*see id.* at 15–16), and (3) Plaintiffs cannot bring federal tort claims against a municipality (*see id.* at 16–17).[5]

In AGD's motion to dismiss, it argues that Plaintiffs' claims should be dismissed because (1) they failed to comply with the requirements outlined in Magistrate Judge Dumitru's order granting the Defendants' second motion for a more definite statement (Doc. 27) (*see* Doc. 37, at 3–4) and (2) they fail to adequately plead any cause of action (*see id.* at 4–7).

In response to these motions, Plaintiffs describe efforts they took to ensure Williford (the AGD manager described above) was criminally prosecuted. (*See* Doc. 42, at 1.) Plaintiffs also list their grievances against the state-court criminal proceedings they were subject to. (*See id.* at 2.) They offer no argument responsive to the Defendants' motions. (*See id.* at 1–2.) Defendants' motions (Docs. 35, 37) are ripe for review.

---

Plaintiffs included these allegations in their "Factual Allegations" section contrary to Magistrate Judge Dumitru's order. (*See* Doc. 27, at 2–3; Doc. 32, at 5–6.) Thus, the Court does not construe these allegations as pleading valid causes of action. Even if the Court were to evaluate these conclusory claims on the merits, they would fail for the same reasons outlined in Section III.B of this Opinion, as Plaintiffs do not plead any basis for *Monell* liability. (*See* Doc. 32.)

[5] Plaintiffs cite the Federal Tort Claims Act under their "Federal Causes of Actions" section but do not tie the citation to any factual allegations. (*See* Doc. 32, at 8.) Again, this is insufficient to state a claim for relief under Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. STANDARD OF LAW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id.* at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a pro se litigant's pleadings are broadly construed and held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a pro se litigant must still comply with "basic pleading essentials." *Griffith v. Corr. Med. Servs., Inc.*, No. 2:10-cv-155, 2011 WL 4526744, at *3 (W.D. Mich. Sept. 28, 2011) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. Criminal Statutes

Plaintiffs attempt to assert claims under 18 U.S.C. § 1001, 22 U.S.C. § 7102, and 25 C.F.R. § 11.404. (*See* Doc. 32, at 8.) Title 18 U.S.C. § 1001 is a section of the federal criminal code. *See Wells v. Haske*, No. 1:21-CV-304, 2021 WL 4398049, at *8 (W.D. Mich. Sept. 27, 2021). This statute does not provide a private cause of action. *See id.*; *see also Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (finding that 18 U.S.C. § 1001 does not create a private cause of action). 22 U.S.C. § 7102 provides definitions of terms relevant to the Trafficking Victims Protection Act. Section 7102(1) defines "[a]buse or threatened abuse of law or legal process" for the purposes of the Act. This definition does not create a private cause of action.[6] *See Light v. Missouri Dep't of Soc. Servs.*, No. 6:24-CV-03153-

---

[6] Even if Plaintiffs attempted to bring a federal abuse-of-process claim under § 1983, the Sixth Circuit "has consistently declined to recognize an abuse-of-process claim under 42 U.S.C. § 1983." *Moore v. WesBanco Bank, Inc.*, 612 F. App'x 816, 823 (6th Cir. 2015) (citations omitted); *see also Sawyer v. Boone Cnty.*, No. 2:22-CV-00071-GFVT, 2024 WL 4860828, at *11 (E.D. Ky. Nov. 21, 2024) (same).

MDH, 2024 WL 5089567, at *3 (W.D. Mo. Dec. 12, 2024) (finding that the definitions provided in 22 U.S.C. § 7102(2), (3), and (5) do not create private causes of action). Title 25 C.F.R. § 11.104 provides that "[a] person commits a misdemeanor if he or she knowingly restrains another unlawfully so as to interfere substantially with his or her liberty." "This regulation, however, is part of a regulatory scheme that applies to the Courts of Indian Offenses and therefore is not an available claim in this Court." *Stevens v. Montreat Coll.*, No. 1:23-CV-00284-MR-WCM, 2024 WL 4667169, at *4 (W.D.N.C. Nov. 4, 2024) (citing 25 C.F.R. § 11.104). Accordingly, Plaintiffs fail to state a claim for relief under any of the statutes listed above. The City's motion to dismiss is **GRANTED** as to these claims.[7]

### B. False Arrest

Plaintiffs' remaining federal cause of action against the City is for false arrest under 42 U.S.C. § 1983.[8] (*See* Doc. 32, at 8.) "A municipality is only liable under § 1983 'if the plaintiff demonstrates that the injury suffered was a direct result of the city's official policy or custom.'" *Wiley v. City of Columbus*, 36 F.4th 661, 670 (6th Cir. 2022) (quoting *Slusher v. Carson*, 540 F.3d 449, 456 (6th Cir. 2008)). To support a § 1983 theory of municipal liability, Plaintiffs must allege:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

---

[7] The Court will dismiss these claims with prejudice, as the statutes Plaintiffs rely on provide no cause of action and no amendment could cure Plaintiffs' pleading deficiencies. *See Wershe v. City of Detroit*, 112 F.4th 357, 372 (6th Cir. 2024) ("Dismissal with prejudice is appropriate when the complaint could not be saved by an amendment." (citation and internal quotations omitted)).

[8] Plaintiffs alleged this false arrest claim under both § 1983 and 25 C.F.R. § 11.104. (*See* Doc. 32, at 8.)

*See id.* (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

Plaintiffs have not alleged the existence of any custom or policy that led to the false arrest of Hunter or Malone. (*See* Doc. 32.) Plaintiffs' allegations concern only the October 8, 2024 incident that gave rise to this suit. (*See id.* at 2–3.) Plaintiffs specifically take issue with their arrest—and the behavior of the CPD officers associated with the arrest—on October 8, 2024, but their allegations do not tie this arrest to a policy or custom. (*See id.* at 4, 8.)

Plaintiffs cite no official policy or legislative enactment in their complaint. (*See id.* at 2–4, 8.) Plaintiffs do not allege "an official with final decision-making authority ratified" the actions of the CPD officers associated with the incident, *see Wiley*, 36 F.4th at 670, nor do they allege that the CPD officers possessed "final policymaking authority." *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (explaining that an official with "final policymaking authority" must "be responsible for establishing final government policy respecting such activity before [a] municipality can be held liable"); (Doc. 32, at 2–4, 8.) Plaintiffs do not allege the existence of prior instances of similar misconduct, nor have they alleged any facts suggesting that the City "has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation," as is required to state a failure-to-train claim. *See White v. Hamilton Cnty.*, No. 1:23-CV-108, 2025 WL 837318, at *14 (E.D. Tenn. Mar. 17, 2025) (quoting *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 323 (6th Cir. 2023)); (Doc. 32, at 2–4, 8.) Plaintiffs also do not allege the existence of a pattern of similar instances as is required to state a custom-of-tolerance claim. *See Burgess*, 735 F.3d at 478 (citations omitted); (Doc. 32, at

2–4, 8.) Accordingly, Plaintiffs fail to adequately plead a claim against the City under § 1983 and the City's motion to dismiss is **GRANTED** as to this claim.[9]

### C. Remaining Claims

Plaintiffs' remaining claims rely on state-law causes of action. (*See* Doc. 32, at 3–4, 6–7.) "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed. Appx. 382, 384–85 (6th Cir. 2003)). "If [] federal claims are dismissed before trial, [] state claims generally should be dismissed as well." *Id.* (quoting *Wojnicz*, 80 Fed. Appx. 384–85). However, a court should also "consider factors such as judicial economy, convenience, fairness, and comity, when deciding whether to decline to exercise supplemental jurisdiction over the remaining state law claim[s]." *Brown v. Scott*, No. 2:23-CV-162, 2025 WL 1347312, at *4 (E.D. Tenn. May 8, 2025) (quoting Williams v. Cawley, No. CIV.03-10189-BC, 2005 WL 1030338, at *1 (E.D. Mich. Apr. 26, 2005)). There is a "strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed," and it should only be exercised if "the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [the] concern over needlessly deciding state law issues." *See Packard v. Farmers Ins.*

---

[9] The Court will dismiss this claim with prejudice. Plaintiffs have had numerous opportunities to amend their complaint (*see, e.g.*, Docs. 18, 28, 32), and they still failed to allege facts suggesting that a policy or custom of the City caused their alleged harms. (*See* Doc. 32.) Plaintiffs' response to Defendants' motions to dismiss also fails to show that an amendment could possibly cure this deficiency. (*See* Doc. 42.) Rather than address the arguments of Defendants, Plaintiffs described state-court proceedings that have no bearing on the adequacy of their complaint. (*See id.*) Accordingly, the Court finds that another opportunity to amend would be futile, and it will dismiss this claim with prejudice. *See Wershe*, 112 F.4th at 372.

*Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (internal quotation marks omitted)).

Here, the Court had jurisdiction over this suit pursuant to 28 U.S.C. § 1331, as Plaintiffs alleged federal claims. (*See* Doc. 1, at 2.) The Court has resolved Plaintiffs' federal claims above and only state-law claims remain. Considering that no discovery has been conducted in this matter, the Court finds that the interest of comity outweighs the interest of judicial economy. Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' state-law claims. The City's motion to dismiss (Doc. 35) is **DENIED AS MOOT** as it pertains to Plaintiffs' state-law claims. AGD's motion to dismiss (Doc. 37) is **DENIED AS MOOT**.[10] The Court will **REMAND** this case to the Circuit Court of Hamilton County, Tennessee.

IV. **CONCLUSION**

For the foregoing reasons, the City's motion to dismiss (Doc. 35) is **GRANTED** as to Plaintiffs' federal claims. These claims are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims, and AGD's motion (Doc. 37) and the remainder of the City's motion (Doc. 35) are **DENIED AS MOOT**. This case is hereby **REMANDED** to the Circuit Court for Hamilton County, Tennessee.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE

---

[10] Plaintiff only alleges state-law claims against AGD. (*See* Doc. 32, 6–8.)

10
Case 1:24-cv-00353-TRM-MJD    Document 45    Filed 07/18/25    Page 10 of 10
PageID #: 194